

**ORIGINAL**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
JUL 16 2010
CLERK, U.S. DISTRICT COURT
By _____ Deputy

| | |
|---|---|
| UNITED STATES OF AMERICA | § § |
| v. | §  No. 4:10-CR-122-A |
| | § |
| BRITTANY KRAMBECK | § |

## PLEA AGREEMENT

**Brittany Krambeck** (Defendant), Leigh Davis - the defendant's attorney, and the United States of America (the government), agree as follows:

1. **Rights of the defendant**: **Brittany Krambeck** understands that she has the rights:

   a. to plead not guilty;
   b. to have a trial by jury;
   c. to have her guilt proven beyond a reasonable doubt;
   d. to confront and cross-examine witnesses and to call witnesses in her defense; and
   e. against compelled self-incrimination.

2. **Waiver of rights and plea of guilty**: **Brittany Krambeck** waives these rights as well as her right to Indictment by a Grand Jury and pleads guilty to each offense alleged in the two count Information, charging violations of 21 U.S.C. §856, that is, Maintaining Drug Involved Premises; and 31 U.S.C. §5324(a), that is, Structuring Transactions to Evade Reporting Requirements. **Brittany Krambeck** understands the nature and elements of the crime to which she is pleading guilty, and agrees that the factual resume she has signed is true and will be submitted as evidence.

3. **Sentence**: The penalties the Court can impose include:

a. imprisonment for a period of not more than Twenty (20) years on Count One and not more than Five (5) years on Count Two;
b. a fine not to exceed the greater of $500,000, or twice any pecuniary gain to the defendant or loss to the victim(s) on Count One and not to exceed the greater of $250,000 or twice such loss or gain on Count Two;
c. a mandatory term of supervised release of <u>not less than three (3) years</u>, on each count which must follow any term of imprisonment (If the Defendant violates the conditions of supervised release, she could be imprisoned for the entire term of supervised release and upon revocation, the terms of imprisonment may, in the discretion of the Court, be made to run consecutively);
d. a mandatory special assessment of $100 on each count;
e. restitution to victims or to the community, which may be mandatory under the law, and which the Defendant agrees may include restitution arising from all relevant conduct, not limited to that arising from the offense of conviction alone;
f. costs of incarceration and supervision;
g. denial of certain federal benefits (as defined in 21 U.S.C. §862(d) for a period of five (5) years;
h. permanent ineligibility for assistance under any state program funded under part A of Title IV of the Social Security Act; and
i. permanent ineligibility for benefits under the food stamp program or any state program carried out under the Food Stamp Act of 1977.

4. **Court's sentencing discretion and role of the Guidelines**: The defendant understands that the sentence in this case will be imposed by the Court after consideration of the United States Sentencing Guidelines. The guidelines are not binding on the Court, but are advisory only. The defendant has reviewed the guidelines with her attorney, but understands no one can predict with certainty the outcome of the Court's consideration of the guidelines in this case. The defendant will not be allowed to withdraw her plea if her sentence is higher than expected. The defendant fully understands that the actual sentence

imposed, so long as it is within the statutory maximum, is solely in the discretion of the Court.

5. **Defendant's cooperation**: **Brittany Krambeck** shall cooperate with the government by giving truthful and complete information and/or testimony concerning her participation in the offense of conviction and knowledge of criminal activities of any others. Upon demand, **Brittany Krambeck** shall submit a personal financial statement under oath and submit to interviews by the government and the U.S. Probation Office regarding her capacity to satisfy any fines or restitution. The government will advise the Court, through the United States Probation Office of the nature and extent of the defendant's cooperation.

6. **Government's agreement**: The government will not bring any additional charges against the defendant based upon the conduct set out in the factual resume. The government will dismiss, after sentencing, any remaining charges in the pending indictment/information. If, in its sole discretion, the government determines that the defendant has provided substantial assistance in the investigation or prosecution of others, it will file a motion urging sentencing consideration for that assistance. Whether and to what extent to grant the motion are matters solely within the Court's discretion.

\_\_\_\_\_7. **Violation of agreement**: **Brittany Krambeck** understands that if she violates any provision of this agreement, or if her guilty plea is vacated or withdrawn, the government will be free from any obligations of the agreement and free to prosecute the defendant for all offenses of which it has knowledge. In such event, the defendant waives any objections

based upon delay in prosecution. If the plea is vacated or withdrawn for any reason other than a finding that it was involuntary, the defendant also waives objection to the use against her of any information or statements she has provided to the government, and any resulting leads.

8. **Voluntary plea**: This plea of guilty is freely and voluntarily made and is not the result of force or threats, or of promises apart from those set forth in this plea agreement. There have been no guarantees or promises from anyone as to what sentence the Court will impose.

9. **Representation of counsel**: The defendant has thoroughly reviewed all legal and factual aspects of this case with her lawyer and is fully satisfied with that lawyer's legal representation. The Defendant has received from her lawyer explanations satisfactory to her concerning each paragraph of this plea agreement, each of her rights affected by this agreement, and the alternatives available to her other than entering into this agreement. Because she concedes that she is guilty, and after conferring with her lawyer, the defendant has concluded that it is in her best interest to enter into this plea agreement and all its terms, rather than to proceed to trial in this case.

10. **Entirety of agreement**: This agreement is limited to the United States Attorney's Office for the Northern District of Texas and does not bind any other federal, state, or local prosecuting authorities, nor does it prohibit any civil or administrative proceeding against the

defendant or any property. This document is a complete statement of the parties' agreement and may not be modified unless the modification is in writing and signed by all parties.

AGREED TO AND SIGNED on the dates shown below.

_____
Brittany Krambeck
Defendant
Date Signed: 6-18-10

_____
~~Leigh Davis~~
Attorney for Brittany Krambeck
Date Signed: 6-18-10

JAMES T. JACKS
UNITED STATES ATTORNEY

_____
Frederick M. Schattman
Assistant United States Attorney
Texas State Bar Number 017728400
801 Cherry Street, Suite 1700,
Fort Worth, Texas 76102-6897
Telephone: 817/252-5200
Date Signed: June 21, 2010

_____
Mark Nichols
Deputy Criminal Chief
Assistant United States Attorney
Date Signed: 7-15-10